## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR15-0046-LTS |
| vs. | **ORDER** |
| MAX JULIAN WRIGHT, | |
| Defendant. | |

_____

This matter is before me on the Government's motion to amend the record (Doc. No. 213) filed on June 1, 2017.  Because the Government requested expedited relief, I directed the defendant to reply by June 5, 2017, (*See* Doc. No. 216) which he did (Doc. No. 217).

This case has a long history which I will not repeat here.  Suffice to say, following the guilty verdict in this case, the defendant filed a motion for a new trial (Doc. No. 159), which I denied (Doc. No. 185).  The defendant was sentenced (Doc. No. 188) and then filed an appeal (Doc. No. 192).

The Government has now filed a motion to amend the appellate record. Specifically, the Government requests that it be allowed to amend its prior resistance (Doc. No. 171), which was instrumental in my ruling on the defendant's motion for new trial (Doc. No. 159). [1]  For context, one of the issues raised in the defendant's motion for a new trial was the Government's failure to disclose information about cooperating witnesses.  Although it was clear the Government had failed to disclose information about

---

[1] In its resistance, the Government admitted to failing to disclose information related to several witnesses' cooperation.  Doc. No. 171.

several witnesses in violation of *Brady v. Maryland*, 373 U.S. 83, 85 (1963), and *Giglio v. United States*, 405 U.S. 150, 153-55 (1972), I found that the defendant could not demonstrate prejudice. *See* Doc. No. 185 at 44. Accordingly, I denied the defendant's motion.

In its motion to amend the record, the Government now contends that one of the pieces of information it previously admitted it failed to disclose, related to trial witness Jason Gavin, was in fact disclosed to the defendant in a portion of a grand jury transcript. The Government argues that pursuant to Federal Rule of Appellate Procedure 10(e)(2), I should amend the record to reflect that – contrary to its prior admission – it had disclosed the prior cooperation of Jason Gavin to the defendant. In response, the defendant argues that disclosure in the grand jury transcript cited by the Government was not sufficient notice to the defendant to comport with the rules. Doc. No. 217.

Generally, once an appeal is filed, the district court loses jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). While I agree that Rule 10(e)(2) gives me authority to correct or amend the record if there is an error or omission, I do not believe that authority extends to the situation presented here. The Government essentially asks me to reconsider, in part, my prior finding that it failed to disclose exculpatory impeachment evidence. It cites no case law suggesting that Rule 10(e)(2) gives me the authority to reconsider my prior rulings while a case is pending on appeal, and I have found none. Accordingly, the Government's motion to amend is **denied**.[2]

---

[2] I also note the incredibly-late filing of the motion, as oral argument is scheduled before the Eighth Circuit Court of Appeals later this week. If the Government truly did not discover this alleged error until long after the appellate briefs were filed, I have little sympathy for its resulting plight. The Government first admitted to failing to disclose exculpatory evidence immediately after trial. Then, only days before oral argument on appeal, the Government changed its mind and decided that it may have disclosed that evidence after all. Given this bizarre chain of events, I am unable to find that the Government is entitled to a last-minute order to save itself from its own negligence.

**IT IS SO ORDERED.**

**DATED** this 6th day of June, 2017.

_____

Leonard T. Strand, Chief Judge